IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARKAVIOUS JOHNSON AND JAMES THOMAS, JR., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 13-2312 ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

# ORDER

Before the Court is the Magistrate Judge's August, 27 2013 Report Recommending sua sponte Dismissal (the "Report"). (Report, ECF No. 5.) On May 16, 2013, Plaintiffs Markavious Johnson and James Thomas, Jr. filed a joint pro se "Complaint for Civil Penalties, Injunction, Admiralty Maritime Claim and Declaratory Relief – Seamen." (Complaint, ECF No. 1.) Although both Plaintiffs signed the Complaint, only Johnson filed a motion seeking leave to proceed in forma pauperis. (ECF No. 2.) The Court referred the case to United States Magistrate Judge Tu M. Pham on May 20, 2013. (Order of Reference, ECF No. 3.) On June 26, 2013, the Magistrate Judge granted Johnson leave to proceed in forma pauperis. (ECF No. 4.) On August 27, 2013, the Magistrate Judge entered the Report recommending that the

Complaint be dismissed sua sponte. (Report, ECF No. 5.) Johnson filed a pro se objection to the Report on September 11, 2013. (Objection, ECF No. 6.) Thomas has not objected. For the following reasons, the Court OVERRULES Johnson's objection and ADOPTS the Magistrate Judge's Report. The Complaint is DISMISSED.

**I.  Background**

On May 16, 2013, Plaintiffs Markavious Johnson and James Thomas, Jr. filed a joint pro se Complaint seeking alternative status "delineat[ion] in Passport Vital Records via. FS-240 form consular report of birth abroad." (Compl. At 7.) Plaintiffs claim that they did not require a "report of birth abroad because an Apostle abolished the requirement for the legalization of Foreign Public Documents" and that "[t]he National Bank Act sec 24 also requires upon the cancellation of those notes that the records be burned to ashes." (Id.) Arguing that the controversy should be decided "upon the principles of Jus Sanguinis not jus soli in regards to [their] status," plaintiffs seek an injunction "in accordance [with] rule 57 of the F.R.C.P." (Id. at 7, 8.)

The Magistrate Judge found that the Complaint contained no "factual allegations that could give rise to any plausible cause of action" and recommended dismissal. (Report at 2.) Johnson objected, claiming that he had the right to change his

nationality "based off of blood type which is in fact O+ evidencing [his] aboriginal National Status." (Objection, ECF No. 6 at 1-2.) Citing the "hybrid status created through the Treaty of Paris for all subjects of Spain e.g. the Moorish Empire," and his affidavit authenticating his "Apostilled certificate no. 13-3371," Johnson argues that "there is no issue of material fact and [he is] entitled to judgment as a matter of law." (Objection, ECF No. 6.) Thomas has not objected.

**II. Jurisdiction and Standard of Review**

The court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the

3

evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

In assessing whether a complaint states a claim upon which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

4

Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)(internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. See Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *613 (6th Cir. Jan. 31, 2011)

5

("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *510 (6th Cir. May 12, 2011).

**III. Analysis**

The Magistrate Judge found that the "complaint is devoid of factual matter that would allow the court to draw a reasonable inference that the United States is liable for any alleged misconduct." (Report, ECF No. 5 at 7)(citing Iqbal, 556 U.S. at 678). The Court agrees. The Complaint relies on the "Moorish citizen" theory consistently rejected by Federal courts as lacking merit. See, e.g., United States v. Stokes, No. 3:12-cr-00566, 2013 WL 2387763 (N.D. Ohio May 30, 2013); United States v. Burris, No. 06-4874, 2007 WL 1891874 (4th Cir. May 25, 2007); United States v. Roberson, No. 06-4874, 2006 WL 2077144 (7th Cir. July 2, 2006); Ward-El v. Barrett, No. 12-14282, 2012 WL 5929928 (E.D. Mich. Nov. 27, 2012); Jackson-El v. State and Federal Plaintiffs in General, No. 1:11-cv-278, 2011 WL 1584606 (W.D. Mich. April 26, 2011); Allah El v. District Attorney for Bronx County, No. 09 CV 8746(GBD), 2009 WL 3756331 (S.D.N.Y.

6

Nov. 4, 2009). The Complaint fails to state a claim and must be dismissed under 28 U.S.C. § 1915(e)(2).

**IV. Conclusion**

For the foregoing reasons, Johnson's objection is OVERRULED. Thomas has not objected to the Report and the time to do so has passed. The Court ADOPTS the Magistrate Judge's Report and Recommendation and the Complaint is DISMISSED.

So ordered this 23rd day of September, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE